## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| **FREDERICK CARREIRO,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | **09-40044-FDS** |
| **JAMES SABA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

## MEMORANDUM AND ORDER
## ON RESPONDENT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody. Petitioner Frederick Carreiro was convicted of second degree murder in Massachusetts Superior Court on March 6, 2004. He was sentenced to life in prison. He now seeks habeas relief pursuant to 28 U.S.C. § 2254.

Respondent James Saba has moved to dismiss the petition, contending that petitioner failed to exhaust his available state remedies as to twelve of the thirteen claims contained in the petition. Petitioner opposes the motion, but further requests that, if the Court rules that he has not exhausted all his state remedies, the petition be stayed as to the unexhausted claims so that he may present the claims to the state courts.

For the reasons set forth below, petitioner's request for a stay of the proceedings will be denied. Petitioner will be allowed to elect whether to dismiss the unexhausted claims without prejudice and proceed with the examination of the merits of the exhausted claim, or to accept

dismissal of the entire petition.

I.     **State Court Proceedings**

Petitioner was convicted by a jury on March 6, 2004, in Bristol County Superior Court on the charge of second-degree murder.[1]  He appealed his conviction to the Massachusetts Appeals Court, asserting the following five arguments, which are set forth verbatim:

1.     The trial judge erred in admitting the transcribed testimony from Carreiro's first trial of the only eyewitness to the homicide where Carreiro's counsel in the first trial did not cross-examine the witness regarding the critical issues of self-defense and defense of another and whether the error deprived Carreiro of his right of confrontation as guaranteed by the Sixth and Fourteenth Amendments.

2.     The admission of irrelevant and prejudicial evidence of multiple instances of uncharged misconduct by Carreiro gave rise to a substantial risk of a miscarriage of justice.

3.     The prosecutor's argument labeling the defendant's testimony as 'baloney' constituted an improper comment on credibility and gave rise to a substantial risk of a miscarriage of justice.

4.     The prosecution's failure to provide Carreiro's potential expert witness with copies of all autopsy photographs and slides in a timely manner resulted in denial of his right to a fair trial.

5.     The failure of Carreiro's attorneys to provide him with copies of all documents and materials relevant to his case resulted in denial of his right to a fair trial.

(Resp. Mem., Ex. 3, at 4-5).

On January 15, 2008, the Appeals Court affirmed the conviction in an unpublished decision.  *Commonwealth v. Carreiro*, 71 Mass. App. Ct. 1104 (2008) (table).  Petitioner then

---

[1] Petitioner was initially convicted of second-degree murder in 1996.  On direct appeal, the Appeals Court reversed his conviction and ordered a new trial.  *Commonwealth v. Carreiro*, 46 Mass. App. Ct. 1127 (1999) (table).  The March 6, 2004, guilty verdict was the result of the retrial.

filed an Application For Leave to Obtain Further Appellate Review ("ALOFAR") as to all five claims, which the Massachusetts Supreme Judicial Court denied on April 4, 2008. *Commonwealth v. Carreiro*, 451 Mass. 1101 (2008) (table).  Petitioner did not file an application for state post-conviction or other collateral review, such as a motion for a new trial.

## II.    Federal Proceedings

On February 23, 2009, petitioner filed the present petition for a writ of habeas corpus, which asserts the following thirteen grounds for review, which are set forth verbatim:

1.    The defendant experienced ineffective assistance of trial and appellate counsel.

2.    Trial and appellate counsel presented a conflict of interest.

3.    The defendant experienced ineffective assistance of counsel when trial counsel failed at first trial to obtain telephone records of alleged witness Debra Faria's apartment to prove an exculpatory statement made to witness Judith Santos. . . .

4.    Trial counsel[']s failure to investigate a mental state claim. . . .

5.    The defendant was ordered by counsel not to testify without explanation, and despite the fact that the defendant wanted to testify. . . .

6.    Trial counsel . . . failed to investigate a psychiatric report . . . [that] recommended . . . a neurological examination . . . be performed upon the defendant . . . which was never performed.

7.    Trial counsel . . . never argued or presented an irresistible impulse theory as a substantial ground of defense, for the defendant had a mental illness and acted on impulse and instinct.

8.    Defendant was deprived of effective assistance of counsel on the issue[] of newly discovered evidence.

9.    Trial counsel failed to completely investigate a mental defense to discover why the defendant was on so man[y] different medications and why they were discontinued.

3

10.    Counsel[] failed to provide or obtain records that were needed by the
       psychiatric evaluator, and failed to investigate a mental defense by that
       failure.

11.    The prosecution failed to provide defendant[']s potential expert witness
       with copies of all autopsy photographs and slides in a timely manner,
       result[ing] in a denial of defendant's right to a fair trial.

12.    Defendant ma[de] a discovery of newly discovered evidence produced by
       the prosecution's expert witness which attacks the eye witness's credibility.

13.    Trial counsel[] never presented a defense against the prosecution's claim of
       flight.

Respondent has moved to dismiss the petition, alleging that petitioner failed to exhaust his

state court remedies before filing the petition in this Court.  Respondent contends that Grounds

One through Ten, Twelve, and Thirteen of the habeas petition are unexhausted because they were

never presented to the state courts.

## III.    Analysis

A federal court may not consider a petition for a writ of habeas corpus filed by a person in

state custody unless the petitioner has exhausted his state court remedies with respect to all claims

raised in his application.  *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus

on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the

State."); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982).  It is the petitioner's burden to

demonstrate that all claims asserted in his petition are exhausted.  *Barresi v. Maloney*, 296 F.3d

48, 51 (1st Cir. 2002).  In order to satisfy the exhaustion requirement, a petitioner must establish

that both the factual and legal bases of his federal claim were "fairly and recognizably presented to

the state courts."  *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (citing *Picard v.*

*Connor*, 404 U.S. 270, 276-77 (1971)).  "Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted state remedies."  *Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (to exhaust a claim, a petitioner must present the substance of the claim to the state's highest tribunal).

Petitioner has exhausted his state remedies for Ground Eleven, because he presented the issue to both the Appeals Court and the SJC before raising it in this Court.  *See Josselyn*, 475 F.3d at 3.  However, he has failed to exhaust his state court remedies with respect to Grounds One through Ten, Twelve, and Thirteen.[2]  These twelve bases for relief were first asserted in the habeas petition filed with this Court and are therefore unexhausted.  *See Rose*, 455 U.S. at 520 ("[Section] 2254[] provides a simple and clear instruction to potential litigants:  before you bring any claims to federal court, be sure that you first have taken each one to state court.").[3]

Where a petitioner has filed a "mixed petition" that includes both exhausted and unexhausted claims, the entire petition must be dismissed with prejudice unless he either (1) agrees to dismiss the unexhausted claims (forever forfeiting the right to federal habeas review of those claims), or (2) requests that the petition be dismissed without prejudice to permit him to

---

[2] Petitioner appears to argue that he raised an ineffective assistance of counsel argument on appeal from the guilty verdict in his first trial.  (*See* Pet. Mem. at 11).  Assuming this is correct, an allegation of ineffective assistance of counsel arising from the first trial is not sufficient to exhaust an allegation of ineffective assistance of counsel arising from the retrial, at least where the argument is not renewed on appeal from the second guilty verdict.

[3] Respondent does not contend that Grounds One through Ten, Twelve, and Thirteen are procedurally defaulted, so the Court need not consider that argument.

return to state court and pursue the unexhausted claim.  *See Rose*, 455 U.S. at 520; *see also Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004).[4]

As an alternative to dismissal, petitioner has requested that the Court stay the proceeding as to the unexhausted claims so that he may present them in the state court.  Since the 1996 enactment of the Antiterrorism and Effective Death Penalty Act, which imposed a one-year statute of limitations on habeas petitions, courts have recognized certain instances where stay and abeyance would be appropriate.  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Stay and abeyance would allow the petitioner to return to state court to complete the requirements for exhaustion on any unexhausted claims, and subsequently return to federal court to pursue his habeas claims.  *Id*. at 278.  The Supreme Court has held that this procedure would be appropriate in limited circumstances where:  (1) "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the "unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *See id*. at 277-78; *see also Clements v. Maloney*, 485 F.3d 158, 169 (1st Cir. 2007).

Here, petitioner has presented no basis on which the Court could find good cause for failure to exhaust his state claims.  Petitioner asserts, in conclusory fashion, that good cause exists because of "conflict of interest [and] ineffective assistance of counsel.  All counsel[] failed to

---

[4] Petitioner should be aware that filing of his federal habeas petition did not toll any applicable limitations periods under Massachusetts law, and, therefore, he may now be barred from raising the unexhausted claims in state court because the appeals deadlines may have passed.

Petitioner should also be aware that the filing of his federal habeas petition did not toll the running of the one-year statute of limitations contained in 28 U.S.C. § 2244(d).  *See Neverson*, 366 F.3d at 38.  Accordingly, any successive petition that he attempts to file in this Court (for example, after attempting to exhaust his state remedies) may be barred as untimely.

recognize their own incompetence including Appellate counsel." (Pet. Mot. to Stay at 1-2). Conclusory assertions such as these are insufficient to establish good cause for failure to exhaust. *See, e.g., Bahena v. Almager*, 2009 WL 466045, at * 1 (S.D. Cal. Feb. 25, 2009) ("Petitioner's conclusory statement without factual support is insufficient to support Petitioner's allegation of good cause for failure to exhaust."). Moreover, although petitioner asserts that he suffers from a mental illness, he has not demonstrated how this illness justifies his failure to exhaust. As the Court noted when it denied petitioner's motion for appointment of counsel, "his pleadings appear to be well-organized and coherent, suggesting a proficiency in the English language and at least some familiarity with legal terms and procedures." (Dkt. No. 6 at 4).

Finally, the essence of many of petitioner's unexhausted claims is ineffective assistance of counsel. Yet, petitioner has not articulated a basis for, much less explained, his failure to file a motion for a new trial on such grounds. *See Commonwealth v. Egardo*, 426 Mass. 48, 50 (1997) (when trial and appellate counsel are both employed by the same law firm, a defendant may raise an ineffective assistance of trial counsel claim for the first time in a motion for a new trial even though appellate counsel failed to raise the claim on direct appeal); *see also Commonwealth v. Zinser*, 446 Mass. 807, 810 (2006) (explaining the "well-established principle that the preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial"). It is far from clear, therefore, that petitioner has not engaged in intentionally dilatory litigation tactics. For these reasons, the Court declines to stay the action in order to allow petitioner a chance to exhaust his unexhausted claims.

**IV.**    <u>**Conclusion**</u>

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed unless, within 30 days of the date of this Order, petitioner files a request to dismiss the unexhausted claims in his petition and proceed on the merits of the sole exhausted claim.

Respondent's motion to dismiss (Dkt. No. 11) is DENIED WITHOUT PREJUDICE to the re-filing of a motion to dismiss directed to the exhausted claim, if petitioner chooses to dismiss his unexhausted claims.  Petitioner's motion to stay (Dkt. No. 14) is DENIED.

**So Ordered.**


/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: March 5, 2010