**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **FREDERICK CARREIRO,** | ) ) ) | **Civil Action No.** |
| Petitioner, | ) ) | **09-40044-FDS** |
| v. | ) ) |  |
| **JAMES SABA,** | ) ) |  |
| Respondent. | ) ) |  |

## MEMORANDUM AND ORDER ON RULE 60(b) MOTION FOR RELIEF

**SAYLOR, C.J.**

This motion arises out of a *pro se* petition for a writ of habeas corpus. Petitioner Frederick Carreiro was convicted of second-degree murder in Massachusetts Superior Court on March 6, 2004. He was sentenced to life in prison.

On February 23, 2009, Carreiro filed a petition seeking habeas relief pursuant to 28 U.S.C. § 2254. On April 27, 2009, respondent James Saba moved to dismiss the petition, contending that Carreiro failed to exhaust his available state remedies as to 12 of the 13 claims contained in that petition. Carreiro thereafter filed a motion to stay the case while he exhausted those claims.

On March 5, 2010, the Court granted respondent's motion to dismiss with respect to the unexhausted claims and denied the motion to stay. Carreiro was given the option of proceeding with his sole exhausted claim or dismissing the entire petition.

On September 28, 2010, Carreiro withdrew his petition rather than continue with his sole exhausted claim. Accordingly, on October 1, 2010, the Court dismissed the case without

prejudice pursuant to Fed. R. Civ. P. 41(a)(1).

On February 6, 2020, more than nine years after his original petition was dismissed, Carreiro has filed three new motions. He has filed a motion to re-open the case pursuant to Fed. R. Civ. P. 60(b)(6), a motion to appoint counsel, and a motion to amend his habeas petition.

For the reasons set forth below, the motion seeking relief under Rule 60 will be denied, and the other two motions will be denied as moot.

**I.     Background**

    **A.     State-Court Proceedings**

Frederick Carreiro was convicted by a jury on March 6, 2004, in Bristol County Superior Court on the charge of second-degree murder.[1] The murder occurred on November 1, 1993.

Carreiro appealed his conviction to the Massachusetts Appeals Court, asserting the following five claims, which are set forth verbatim below:

1. The trial judge erred in admitting the transcribed testimony from Carreiro's first trial of the only eyewitness to the homicide where Carreiro's counsel in the first trial did not cross-examine the witness regarding the critical issues of self-defense and defense of another and whether the error deprived Carreiro of his right of confrontation as guaranteed by the Sixth and Fourteenth Amendments.

2. The admission of irrelevant and prejudicial evidence of multiple instances of uncharged misconduct by Carreiro gave rise to a substantial risk of a miscarriage of justice.

3. The prosecutor's argument labeling the defendant's testimony as 'baloney' constituted an improper comment on credibility and gave rise to a substantial risk of a miscarriage of justice.

4. The prosecution's failure to provide Carreiro's potential expert witness with copies of all autopsy photographs and slides in a timely manner resulted in denial of his right to a fair trial.

---

[1] Carreiro was initially convicted of second-degree murder in 1996. The Appeals Court reversed that conviction and ordered a new trial. *Commonwealth v. Carreiro*, 46 Mass. App. Ct. 1127 (1999) (unpublished). The guilty verdict in March 2004 was the result of the retrial.

      5. The failure of Carreiro's attorneys to provide him with copies of all documents and materials relevant to his case resulted in denial of his right to a fair trial.

(Pet. for Hab., Dkt. 1, at 3).

On January 15, 2008, the Appeals Court affirmed the conviction. *Commonwealth v. Carreiro*, 71 Mass. App. Ct. 1104 (2008) (unpublished). Carreiro then filed an Application For Leave to Obtain Further Appellate Review as to all five claims, which the Massachusetts Supreme Judicial Court denied on April 4, 2008. *Commonwealth v. Carreiro*, 451 Mass. 1101 (2008). Carreiro did not file an application for state post-conviction or other collateral review.

    **B.**     **The 2009 Habeas Filing**

On February 23, 2009, Carreiro filed a petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254. That petition raised 13 different grounds for relief. (*See* Pet. for Hab., Dkt. 1).

On April 27, 2009, respondent Saba moved to dismiss that petition, arguing that 12 of the 13 claims were unexhausted, as they had not been raised by Carreiro on appeal. (*See* Mot. to Dis., Dkt. 11). Carreiro filed an opposition and asked, in the alternative, that his federal petition be stayed while he exhausted those claims. (*See* Opp. to Mot. to Dis., Dkt. 16; Mot. to Stay, Dkt. 14).

On March 5, 2010, the Court granted respondent's motion to dismiss with respect to the unexhausted claims and denied Carreiro's motion to stay the case. Carreiro was given the option of proceeding with his exhausted claim or accepting the dismissal of the entire petition.

On September 28, 2010, rather than continuing with his sole exhausted claim, Carreiro withdrew his habeas petition. Accordingly, on October 1, 2010, the Court dismissed the case without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).

### C.     The Rule 60 Motion

On February 6, 2020, Carreiro filed three new motions in his habeas case. He filed a motion for relief under Rule 60(b)(6) from the 2010 dismissal of his case, a motion to appoint counsel, and a motion to amend his petition. The proposed amended habeas petition, filed with the motion, appears to eliminate the unexhausted claims from his 2009 petition and instead lists only the five claims on which he directly appealed in 2009.

## II.     Analysis

Rule 60(b) provides that a court may relieve a party from an order or final judgment in six specific circumstances. Fed. R. Civ. P. 60(b). Carreiro has moved under the catchall subpart, which covers "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). He contends, in substance, that his habeas case should be re-opened nine years after it was dismissed because he has fixed the issues with his earlier petition and he suffers from mental-health issues.

"Rule 60(b) grants federal courts the power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *Roosevelt REO PR II Corp. v. Del Llano-Jiménez*, 765 Fed. Appx. 459, 461 (1st Cir. 2019) (quoting *Bouret-Echevarría v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 41 (1st Cir. 2015)). However, "relief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." *Rivera-Velázquez v. Hartford Steam Boiler Inspection and Ins. Co.*, 750 F.3d 1, 4 (1st Cir. 2014) (citations omitted). The party seeking relief must show that (1) the motion was timely, (2) exceptional circumstances justifying relief exist, (3) the other party would not be unfairly prejudiced, and (4) there is a potentially meritorious claim or defense. *See Roosevelt REO*, 765 Fed. Appx. at 461 (citation omitted).

Even construing Carreiro's arguments generously, he has failed to show that any of the requirements of Rule 60(b) are satisfied.

First, the motion is untimely. Motions under Rule 60(b)(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). For example, in *Gaskins v. Duval*, 336 F. Supp. 2d 66, 69-70 (D. Mass. 2004), the court denied a Rule 60(b) motion brought by a habeas petitioner on timeliness grounds. The court held that the petitioner's delay in filing his motion rendered it untimely because "[t]he legal predicate for the motion existed for at least the nearly two and a half years [before the] filing of the [m]otion." *Id.* at 69.

Here, the original petition was dismissed in 2010. More than nine years later, and without citing any intervening factual or legal developments, Carreiro seeks to have that dismissal effectively reversed. But his proposed amended petition raises the very claims that he appealed in state court more than a decade ago. *Compare* (Amend. Pet., Ex. I) (summarizing the grounds on which Carreiro directly appealed) *with* (Amend. Pet.) (petitioning for habeas relief on those same five grounds). In other words, he asks the court to reinstate his complaint, raising the exact claims that he could have raised in 2009. If the petition in *Gaskins* was untimely because two and a half years had passed, surely this petition is untimely after nine. *Cf. also Gaskins*, 336 F. Supp. 2d at 69-70 ("Although courts must make allowances for *pro se* litigants, and particularly for prisoners, it is still a litigant's responsibility to seek desired relief in a timely manner.")

Second, Carreiro has not shown the sort of exceptional circumstances that justify relief under Rule 60(b). His motion does not specify how his circumstances are exceptional, but broadly raises the following three grounds: (1) he has amended his petition to assert only exhausted claims, (2) he has mental-health issues that continue to affect him, and (3) his earlier petition was voluntary dismissed before respondent answered it or moved for summary judgment.

None of those reasons constitutes exceptional circumstances justifying relief. The fact that Carreiro finally amended his petition to comply with the exhaustion requirements of AEDPA is not grounds for relief; coming into compliance with the requirements of the law is not a basis to vacate an earlier dismissal. As to his mental-health issues, he does not claim, much less demonstrate, that he has been incapacitated for the last nine years. Put differently, there is no showing of a nexus between his mental-health issues and the relief he seeks, and those issues do not seem to have prevented him from pursuing his claims.[2] Finally, the fact that he voluntarily dismissed his own petition many years ago is not a justification for reinstating it now.

Third, reinstating the case would be highly unfair to the Commonwealth. The murder for which Carreiro was convicted occurred in 1993, nearly 27 years ago. The conviction in question occurred nearly 16 years ago. That extraordinary delay would undoubtedly affect the ability of the Commonwealth to retry the case. "Normally, the grant of habeas relief leaves the state free to retry the petitioner, but this becomes increasingly hard to do as memories fade, evidence disperses and witnesses disappear." *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003). By itself, the nine-year delay between the time Carreiro dismissed his petition and the time he filed his Rule 60 motion has increased the potential prejudice to the Commonwealth.

Finally, Carreiro has failed to show that he has a potentially meritorious claim. His claims are likely time-barred; certainly he has made no showing or suggestion that they are not. *See* 28 U.S.C. § 2244(d)(1)(A) (one-year statute of limitations running from date that conviction

---

[2] In 2009, the Court observed that Carreiro's "pleadings appear to be well-organized and coherent, suggesting a proficiency in the English language and at least some familiarity with legal terms and procedures." (*See* Dkt. 6 at 4; Dkt. 19 at 7). That appears to be true as well today.

becomes final).³  At a minimum, permitting the petition to be reinstated and amended through the vehicle of a Rule 60 motion would directly undermine the limitations period set forth in § 2241(d)(1), as well as its statutory purpose of avoiding unnecessary delay and promoting the finality of judgments.  And even if his claims are not time-barred, the standard of review is highly deferential to the state courts; he has made no showing as to how his claims could succeed under that standard.  *See* 28 U.S.C. § 2254(d)(1) (allowing a grant of habeas relief only if state court adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . .").  He has failed to "show that granting the motion will not be an 'empty exercise' by demonstrating that the underlying claim for relief is likely to succeed on the merits."  *Caisse v. DuBois*, 346 F.3d 213, 215 (1st Cir. 2003) (citing *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 19-20 (1st Cir. 1992)).

Accordingly, Carreiro's motion for relief under Rule 60(b) will be denied.

### IV. Conclusion

For the foregoing reasons, the motion of petitioner Frederick Carreiro to reopen this matter pursuant to Fed. R. Civ. P. 60(b)(6) is DENIED.  Petitioner's motions to appoint counsel and to amend his petition for a writ of habeas corpus are DENIED as moot.

**So Ordered.**

Dated: May 5, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

³ The limitations period would be tolled while he had pending state post-conviction motions for relief.  *See* 28 U.S.C. § 2244(d)(2).  However, neither his motions nor other filings indicate that he has had such motions pending during the nine years since his petition was dismissed.